IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Clifton G. OWENS, Attorney at Law.

Supreme Court

*No. 92–1550–D. Filed December 2, 1992.*

(Also reported in 492 N.W.2d 157.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Clifton G. Owens to practice law in Wisconsin be suspended for 60 days as discipline for his failure to file state income tax returns timely or at all and his failure to respond to requests of the Board of Attorneys Professional Responsibility (Board) for information concerning that misconduct. We determine that the recommended 60-day license suspension is appropriate discipline for Attorney Owens' failure over an extended period of time to comply with state law requiring the filing of income tax returns and his failure to cooperate with the court's Board investigating his misconduct.

Attorney Owens was licensed to practice law in Wisconsin in 1974 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. On the basis of a stipulation of facts between Attorney Owens and the Board, the referee, Attorney Rudolph P. Regez, made the following findings of fact.

Attorney Owens was notified in September, 1983 by the Wisconsin Department of Revenue that it was unable to locate a state income tax return for him for the years 1978 through 1982. Thereafter, on November 25, 1985, Attorney Owens filed returns for 1976 through 1978 and 1980 through 1984. In this proceeding he claimed he also filed his 1979 return on that date but the Department of Revenue notified him that it did not have a copy of that return on file.

In respect to other tax returns, Attorney Owens did not file a state income tax return for 1985 until August 24, 1987 and he filed his 1986 return on July 9, 1988. Moreover, he did not file any state income tax return for the years 1987 through 1990. Further, he did not respond to three written notices from the Department of Revenue regarding his tax liability and failure to file returns. As the result of his failure to file tax returns timely or, in some cases, at all and his failure to pay taxes, the Department of Revenue estimates that Attorney Owens owes more than $57,000 in taxes, penalties and interest.

The Board notified Attorney Owens by mail of his alleged failure to file tax returns and requested a response within 20 days. When no response was received, the Board sent a second letter by certified mail on May 16, 1991. Attorney Owens requested and obtained an extension to June 7, 1991 to respond. When it did not receive a response by that time, the Board sent Attorney Owens a third request for information on June 18, 1991 and its certified letter was returned

"unclaimed." In that letter, the Board advised Attorney Owens that if it did not receive a response within five days, it would conclude that he had failed to cooperate in its investigation. Attorney Owens never responded to that letter.

On the basis of these facts, the referee concluded that Attorney Owens' intentional failure to file state income tax returns for four years and his failure to timely file returns for 10 years violated the standard of professional conduct for attorneys this court set forth in *State v. Roggensak,* 19 Wis. 2d 38, 119 N.W.2d 412 (1963), and consequently violated SCR 20:8.4(f).[1] The referee further concluded that Attorney Owens' failure to respond to Board requests for a response in its investigation violated SCR 21.03(4)[2] and 22.07(2).[3]

---

[1] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

*(f)* violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

[2] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 22.07 provides:

**Investigation**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information

We adopt the referee's findings of fact and conclusions of law. Attorney Owens' intentional failure to file income tax returns timely or at all demonstrates a disregard for the law that is unacceptable in a person licensed to advise others on the law and represent their interests in our legal system. The discipline recommended by the referee as sanction for that professional misconduct is appropriate.

IT IS ORDERED that the license of Clifton G. Owens to practice law in Wisconsin is suspended for a period of 60 days, commencing January 4, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order Clifton G. Owens pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Clifton G. Owens to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Clifton G. Owens comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.