In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jeffry P. VAN GROLL, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Jeffry P. VAN GROLL,
Respondent.

Supreme Court

No. 2004AP1765–D. Decided October 19, 2005.

2005 WI 140

(Also reported in 704 N.W.2d 905.)

¶ 1. PER CURIAM. We review the referee's report and recommendation that Attorney Jeffry Van Groll's license to practice law in this state be suspended for one year for his professional misconduct as alleged in the complaint filed by the Office of Lawyer Regulation (OLR) on July 2, 2004. The complaint alleged nine counts of professional wrongdoing against Attorney Van Groll.

¶ 2. The first four counts relate to Attorney Van Groll's improper handling of client S.K.'s funds and Attorney Van Groll's failure to provide relevant information to the OLR, as well as his misrepresentations to the OLR concerning the S.K. representation. Count 1 alleges a violation of former SCR 20:1.15(a)[1] for failing to hold S.K.'s funds in trust. Count 2 alleges violations of former SCR 20:1.15(b)[2] and SCR 20:1.16(d)[3] for

---

[1] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provided in relevant part that a lawyer "shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity."

[2] Former SCR 20:1.15(b) provided:

Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[3] SCR 20:1.16(d) provides in relevant part that upon termination of representation, a lawyer "shall take steps to the extent

43

failing to render an accounting of S.K.'s funds or to return such funds to S.K. in a timely manner. Count 3 alleges a violation of SCR 20:8.4(c)[4] for conversion of S.K.'s funds. Count 4 alleges a violation of SCR 22.03(6)[5] for failing to cooperate and provide full and truthful responses to the OLR's requests during its investigation of the S.K. matter.

¶ 3. Counts 5—8 address Attorney Van Groll's failure generally to hold client funds in trust, to disburse them properly, and to maintain and preserve trust account records, as well as his falsely certifying on his State Bar of Wisconsin dues statements that he had complied with all trust account record-keeping requirements.

¶ 4. Count 5 alleges that Attorney Van Groll commingled his funds with clients' trust funds in violation of former SCR 20:1.15(a). Count 6 alleges a violation of former SCR 20:1.15(e)[6] for failing to maintain and

reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

[4] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] Former SCR 20:1.15(e) provides:

Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal,

44

preserve trust account records. Count 7 alleges a violation of former SCR 20:1.15(g)[7] for falsely certifying on his bar dues statement that he had complied with all trust account record-keeping requirements. Count 8 alleges that Attorney Van Groll converted property or funds of his clients in violation of SCR 20:8.4(c).

¶ 5. Finally, Count 9 alleges that Attorney Van Groll, in violation of SCR 20:8.4(f),[8] had failed to file income tax returns for calendar years 1996, 1997, 1998, 1999, and 2002, and that he had filed untimely returns (without seeking an extension) for calendar years 2000 and 2001.

---

listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[7] Former SCR 20:1.15(g) states in relevant part that each member of the State Bar of Wisconsin annually shall "explicitly certify therein that he or she has complied with each of the record-keeping requirements set forth [in SCR 20:1.15(e)] hereof."

[8] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

¶ 6. Attorney Michael Ash was appointed as referee in this matter. Prior to the public hearing, Attorney Van Groll and the OLR submitted a "Joint Pre-Trial Statement of Contested and Uncontested Facts and Conclusions of Law" (the "stipulation"). In the stipulation, Attorney Van Groll admitted the violations alleged in Counts 1, 6, and 9, and agreed to a number of uncontested facts. The referee conducted a hearing on December 20, 2004 and January 7, 2005.

¶ 7. Following the submission of post-trial briefs by the OLR and Attorney Van Groll, the referee issued his report and recommendation, which included very detailed findings of fact and conclusions of law. The referee found that Attorney Van Groll had committed professional misconduct with respect to each of the nine counts contained in the OLR complaint. He recommended as discipline for these violations that Attorney Van Groll's license be suspended for a period of one year; that he be ordered to pay restitution, plus interest, to two clients; and, that he be ordered to pay the costs of this proceeding.

¶ 8. Neither Attorney Van Groll nor the OLR has appealed from the referee's report and recommendation. Accordingly, this court's review proceeds pursuant to SCR 22.17(2).[9]

¶ 9. We approve and adopt the referee's findings of fact and conclusions of law and determine that the seriousness of Attorney Van Groll's misconduct war-

---

[9] SCR 22.17(2) provides: Review; appeal.

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

rants the imposition of a one year suspension of his license to practice law. We also agree with and adopt the referee's recommendation that Attorney Van Groll be ordered to pay restitution to client, S.K., in the amount of $1736.48, plus interest; to pay restitution to client, K.W., in the amount of $221.05, plus interest; and, to pay the costs of this proceeding, which were $15,781.20 as of June 13, 2005.

¶ 10. Attorney Van Groll has been licensed to practice law in Wisconsin since 1986. He maintains an office in Milwaukee. In 1997, Attorney Van Groll was privately reprimanded for failing to exercise reasonable diligence and failing to communicate with his client concerning the representation.

■

¶ 11. In approximately May 2001, Attorney Van Groll was retained by S.K. on a litigation matter. S.K.'s mother delivered $15,000 in cash to Attorney Van Groll. Attorney Van Groll, however, did not deposit the funds into his client trust account; rather, he claims that he put the cash into a safe in his office. Before any of the S.K. funds were deposited, Attorney Van Groll paid $230 in expenses for S.K. by drawing checks on his client trust account. After S.K. terminated Attorney Van Groll's services in September 2001, S.K. and his mother requested an accounting of the $15,000 and a return of any unused amounts. Attorney Van Groll did not respond to these repeated requests. Finally, at some point in January 2002, Attorney Van Groll sent a letter to S.K.'s mother enclosing a check in the amount of $6500. Attorney Van Groll's letter said that with the receipt of the $6500 check, all of the trust monies had been accounted for. Attorney Van Groll, however, never provided any accounting that showed how he had arrived at the $6500 amount. Indeed, in the course of

47

the OLR proceeding, Attorney Van Groll has admitted that he still retains $1736.48 of S.K.'s funds for which he cannot account.

¶ 12. When the OLR attempted to investigate Attorney Van Groll's handling of the S.K. trust funds, he consistently failed to provide trust account records as requested by the OLR. Attorney Van Groll told the OLR investigator that he was in the process of locating the applicable records. Finally, at the end of April 2002, Attorney Van Groll told the OLR that he could not produce some of the trust account records because his computer had crashed and he did not maintain any backup records. Attorney Van Groll also told the OLR that after keeping the funds in his office safe for six months he had deposited them into his client trust account.

¶ 13. During the OLR investigation, it was ultimately discovered that any computer crash as alleged by Attorney Van Groll would have occurred before December 6, 2001, and therefore, prior to Attorney Van Groll's initial contact with the OLR and prior to his statements to the OLR that he would produce trust account records to account for the funds. If his computer had indeed crashed at the beginning of December 2001, and his only records had been destroyed at that time, his subsequent statements about producing trust account records were untrue. In addition, Attorney Van Groll later conceded that he had not, in fact, deposited the S.K. funds in a financial institution as required by SCR 20:1.15, rendering his prior statements to the contrary also untrue. Attorney Van Groll delayed, misled, and deceived the OLR investigators in a number of respects concerning the deposit of S.K.'s funds in his

48

trust account and concerning the existence and adequacy of his trust account records.

¶ 14. The referee's findings concerning the S.K. matter are not clearly erroneous and are adopted by the court. They support the referee's legal conclusions that Attorney Van Groll violated former SCR 20:1.15(a) and (b), SCR 20:1.16(d), SCR 20:8.4(c) and SCR 22.03(6) as alleged in Counts 1—4 of the OLR complaint.

¶ 15. As a result of the OLR's concerns about Attorney Van Groll's handling of client funds, it conducted an audit of his trust account. The OLR audit was based principally on records maintained by Attorney Van Groll's bank because Van Groll failed to produce trust account records. Either such records never existed in the first instance or they were lost due to a computer crash and Attorney Van Groll's failure to maintain either hard copy records or duplicate computer files.

¶ 16. The OLR audit demonstrated that Attorney Van Groll had disbursed funds on behalf of persons as to whom there were no written record of any deposit of funds. It likewise showed multiple instances where funds had been deposited on behalf of clients, but the available trust account records could not account for all or a part of the subsequent disbursement of the deposits. As the referee concluded, Attorney Van Groll's poor handling of his trust account caused him repeatedly to use client monies for purposes other than what the client had intended or authorized.

¶ 17. Finally, it was undisputed that Attorney Van Groll improperly kept personal funds in his trust account. He claimed that any improper disbursement of trust account funds was from his personal monies rather than from client funds. He even indicated during

49

the proceedings before the referee that the intermingling of his personal funds was a beneficial situation since it provided a "positive float" that allowed him to cover trust account disbursements on behalf of his clients. This belief by Attorney Van Groll evidences a complete lack of understanding as to the basic and important rules for maintaining client funds in separate trust accounts and for creating and preserving records to document the handling of such client trust funds.

¶ 18. It should be noted that, although Attorney Van Groll failed to demonstrate competence in even the minimum practices of trust account management, the referee concluded that Attorney Van Groll had not purposely deprived any client of money for his own benefit by way of deceit or fraud. With the exception of the $1736.48 that belongs to S.K. and the $221.05 that belongs to another client, K.W., there does not appear to be any other client that has lost money due to Attorney Van Groll's trust account violations.

¶ 19. In 1999, 2000, and 2001, Attorney Van Groll signed State of Wisconsin Bar membership dues statements. By signing those statements, he certified that he had "complied with each of the record-keeping requirements sent forth in SCR 20:1.15(e)." Attorney Van Groll, however, did not maintain all of the records required by former SCR 20:1.15(e), thereby rendering his certifications false.

¶ 20. The referee's findings concerning Attorney Van Groll's improper handling of his trust account, his failure to maintain appropriate trust account records and his false certifications are not clearly erroneous and are adopted by this court. Based on those findings, we

50

agree with the referee's legal conclusions that Attorney Van Groll violated former SCR 20:1.15(a), (e) and (g), and SCR 20:8.4(c).

■

¶ 21. Finally, as admitted by Attorney Van Groll, he failed to file tax returns for the calendar years of 1996, 1997, 1998, 1999, and 2002, and he filed untimely returns (without seeking extensions) for the calendar years of 2000 and 2001. By willfully failing to file income tax returns on a timely basis, Attorney Van Groll has violated SCR 20:8.4(f). *See In re Disciplinary Proceedings Against Owens,* 172 Wis. 2d 54, 56–57, 492 N.W.2d 157 (1992).

■

¶ 22. Having adopted the referee's factual findings and agreed that the facts constitute violations of the rules of professional conduct on each of the complaint's nine counts, we turn to the appropriate discipline to be imposed. The referee recommended the substantial sanction of a one-year suspension from the practice of law. The referee noted that while Attorney Van Groll had not acted with intent to enrich himself, he had exhibited an "abysmal and culpable ignorance of very basic legal duties like filing income tax returns and keeping clients' funds separate from one's own." Moreover, Attorney Van Groll was not completely honest or candid with the OLR investigators.

¶ 23. In light of Attorney Van Groll's history of past discipline, the seriousness of his multiple violations, the need to impress upon him and other attorneys the gravity of such misconduct, and to protect the public from misconduct of attorneys licensed to practice law in this state, we conclude that a suspension of one year is appropriate discipline in this case. We also agree with the referee's recommendation to order Attorney

Van Groll to pay restitution, plus interest, to S.K. and K.W. Finally, we conclude that Attorney Van Groll should be required to pay the costs of this proceeding.

¶ 24. IT IS ORDERED that the license of Attorney Jeffry Van Groll to practice law in Wisconsin is suspended for a period of one year, effective November 18, 2005.

¶ 25. IT IS FURTHER ORDERED that within 30 days of the date of this order, Attorney Van Groll shall pay restitution to S.K. in the amount of $1736.48, plus interest at the legal rate of five percent (5%) per annum for the period from January 2, 2002 until the date of payment.

¶ 26. IT IS FURTHER ORDERED that within 30 days of the date of this order, Attorney Van Groll shall pay restitution to K.W. in the amount of $221.05, plus interest at the legal rate of five percent (5%) per annum for the period from July 27, 2001 until the date of payment.

¶ 27. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Van Groll shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney Jeffry Van Groll to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 28. IT IS FURTHER ORDERED that Attorney Van Groll shall comply, if he has not already done so, with the requirement of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.