In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST J.E. NUGENT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

J.E. NUGENT, Respondent.

Supreme Court

*No. 2005AP572–D. Decided October 10, 2006.*

2006 WI 114

(Also reported in 722 N.W.2d 380.)

¶ 1. PER CURIAM. We review the recommendation of the referee, John R. Decker, that the license of Attorney J.E. Nugent to practice law in Wisconsin be suspended for 60 days for professional misconduct, and that he be required to pay the costs of this proceeding, which are $4911.70 as of September 12, 2006. Attorney Nugent did not appeal the referee's report and recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Nugent's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of 60 days. We further agree that he should pay the costs of this proceeding.

¶ 3. Attorney Nugent was admitted to practice law in Wisconsin in 1970 and practices in Waupun. In 1986 he was privately reprimanded for engaging in

conduct involving deceit and misrepresentation. In 2003 he received a public reprimand for failing to act with reasonable diligence and promptness in representing a client; failing to respond to a client's telephone calls and failing to keep the client reasonably informed about the status of a matter and comply with reasonable requests for information; failing to withdraw from representation after being discharged; and making misrepresentations to the Office of Lawyer Regulation (OLR) staff in the course of its investigation.

¶ 4. On March 1, 2005, the OLR filed a complaint alleging that Attorney Nugent had engaged in six counts of misconduct. The first two counts arose out of Attorney Nugent's failure to timely file his personal state income tax returns for the tax years 1996 through 2001. The Wisconsin Department of Revenue (DOR) issued estimated assessments for those years in the amount of $171,121.07. On February 28, 2003, Attorney Nugent transmitted to the DOR his personal income tax returns for the years 1996 through 2001. In March 2003 the DOR notified Attorney Nugent that no corporate income tax returns for his law firm had been filed for those years.

¶ 5. By letters dated June 6, and June 26, 2003, the OLR staff asked Attorney Nugent whether he had responded to the DOR's March 2003 letter and whether he had filed the corporate tax returns for his law firm. Attorney Nugent responded that the corporate tax returns had not yet been filed. Attorney Nugent transmitted his 1996 through 2001 corporate law firm tax returns to the DOR on July 21, 2003. After receiving the corporate returns, the DOR adjusted Attorney Nugent's delinquent account and determined that he owed a balance of $8286.84.

¶ 6. By November 2003 Attorney Nugent had satisfied his outstanding tax obligations except that $251.23 remained to be paid on an outstanding tax warrant for withholding taxes. The DOR reported to the OLR that Attorney Nugent promised to pay that amount by the end of November 2003.

¶ 7. The OLR staff sent letters to Attorney Nugent on November 14, 2003, and January 6, 2004, asking whether he had satisfied the tax warrant and requesting that he respond by specific dates. Attorney Nugent failed to respond to either letter. In an April 7, 2004, letter that was sent by certified mail, the OLR's investigator again requested a response to the OLR's November 14, 2003, and January 6, 2004, letters and reminded Attorney Nugent of his duty to cooperate and of the consequences for not cooperating. Attorney Nugent failed to respond.

¶ 8. In a July 5, 2004, letter to the OLR, Attorney Nugent said none of his discussions with the DOR had touched on the outstanding $251.23 balance that remained to be paid for withholding taxes. On July 21, 2004, the DOR confirmed to the OLR that Attorney Nugent knew of the outstanding $251.23 liability and had promised to pay it by the end of November 2003 but that he had still not satisfied that obligation. Attorney Nugent satisfied the tax warrant on January 3, 2005.

¶ 9. The OLR's complaint alleged that by failing to file his personal state income tax returns and corporate tax returns for his law firm for 1996 through 2001, Attorney Nugent violated a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers, in violation of SCR

20:8.4(f).[1] The complaint also alleged that by failing to respond to the OLR's investigative letters, Attorney Nugent willfully failed to provide relevant information, to answer questions fully, or to furnish documents, in violation of SCR 22.03(6).[2]

¶ 10. The OLR's complaint also alleged four counts of misconduct arising out of Attorney Nugent's representation of G.A. on a number of different matters over the course of a number of years. In one matter, Attorney Nugent represented G.A. and his wife in claims arising out of a 1992 automobile accident and served as attorney of record in two cases filed in Dodge County, one on behalf of G.A. and one on behalf of G.A.'s wife. Attorney Nugent did not have a written contingent fee agreement with G.A. or his wife. Attorney Nugent told the OLR that he had a policy for many years not to have a contingent fee agreement with longstanding clients.

¶ 11. In 1996 G.A. and his wife settled with the tortfeasor and his insurance company. G.A.'s lawsuit was dismissed. The tortfeasor and his insurance company were also dismissed from G.A.'s wife's case, but that case remained open with respect to an underin-

---

[1] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers." *See, e.g., In re Disciplinary Proceedings Against Owens,* 172 Wis. 2d 54, 56–57, 492 N.W.2d 157 (1992) (failure to file income tax returns constitutes professional misconduct).

[2] SCR 22.03(6) states that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

8

sured motorist claim that G.A.'s wife maintained against her own insurance company.

¶ 12. On January 21, 1998, the circuit court noticed a status hearing for June 1, 1998, in G.A.'s wife's case for the purpose of determining the status of arbitration. Attorney Nugent failed to appear on June 1, 1998, and was unavailable by telephone. On July 7, 1998, the circuit court issued an order to Attorney Nugent requiring him to appear on August 4, 1998, to show cause why the matter should not be dismissed for failure to prosecute. On August 18, 1998, G.A.'s wife's suit was dismissed for failure to prosecute.

¶ 13. G.A. did not receive a written settlement statement; was not informed by Attorney Nugent of the full terms of the settlement and distributions in his case; did not receive a copy of the release from Attorney Nugent until 2003, when the OLR sent him a copy of Attorney Nugent's response to G.A.'s grievance; and was never told what happened with his now deceased wife's underinsured motorist claim, despite his repeated requests to Attorney Nugent for information in the matter.

¶ 14. The OLR's complaint alleged that by failing to have a written contingent fee agreement with G.A. and his wife and by failing to provide G.A. with a written statement upon the outcome of the matter showing a remittance to the client and the method of its determination, Attorney Nugent violated SCR 20:1.5(c).[3] The OLR's complaint also alleged that by

---

[3] SCR 20:1.5(c) provides: Fees.

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A

failing to provide copies of important documents to his clients, failing to respond to G.A.'s status inquiries, and failing to provide any written correspondence to his clients, Attorney Nugent failed to keep a client reasonably informed about the status of a matter and promptly comply with requests for information, in violation of SCR 20:1.4(a).[4]

¶ 15. In a separate matter, G.A. obtained a small claims judgment against M.D. and S.P. in the amount of $1405.65. G.A. gave the judgment to Attorney Nugent in late February 2003 to commence collection proceedings and told Attorney Nugent where S.P. was employed.

¶ 16. Attorney Nugent filed an earnings garnishment against S.P. and his employer on July 29, 2003. Attorney Nugent received two payments from S.P.'s employer in response to the garnishment. The employer then notified Attorney Nugent that S.P. was no longer employed there. Attorney Nugent did not notify G.A. of the receipt of the garnishment payments, nor did he promptly remit the payments to G.A. In November of 2003 Attorney Nugent indicated to the OLR that he was holding the garnishment payments in his trust

contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[4] SCR 20:1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

account. Attorney Nugent finally sent the payments, less expenses, to G.A.'s successor counsel on September 1, 2004.

██

¶ 17. The OLR's complaint alleged that by failing on two different occasions to promptly notify G.A. of his receipt of garnishment funds and by failing to promptly deliver the funds to G.A., Attorney Nugent violated former SCR 20:1.15(b).[5]

¶ 18. The OLR's complaint also alleged that during its investigation into the matters about which G.A. had filed a grievance against Attorney Nugent, the OLR's investigator mailed a letter to Attorney Nugent on April 7, 2004, asking him to submit a supplemental response addressing specific issues, such letter to be received by the OLR no later than April 21, 2004. Attorney Nugent failed to respond.

¶ 19. On April 29, 2004, the OLR sent another letter to Attorney Nugent by both certified and first-class mail, reminding him of his duty to cooperate and advising him that SCR 22.03(4)[6] authorized the director

---

[5] Former SCR 20:1.15 applied to misconduct committed prior to July 1, 2004. It provided in pertinent part:

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[6] SCR 22.03(4) provides: Investigation.

(4) If the respondent fails to respond to the request for written response to an allegation of misconduct or fails to cooperate in other respects in an investigation, the director, or a special

of the OLR to file a motion with this court seeking the suspension of his license to practice law for willful non-cooperation. Attorney Nugent failed to respond.

¶ 20. On May 18, 2004, the OLR received a voice mail message from Attorney Nugent saying he had just found the OLR's April 7, 2004 letter; that he realized a response was due by May 10, 2004; and that he would mail a response in the next couple of days. Attorney Nugent did not send the response.

¶ 21. On May 28, 2004, the OLR staff mailed Attorney Nugent a letter acknowledging receipt of his May 18, 2004, voice mail message and notifying him that no supplemental response had been received. The May 28 letter required Attorney Nugent's written supplemental response to be postmarked by June 4, 2004, and again advised Attorney Nugent that SCR 22.03(4) authorized the director of the OLR to file a motion with this court seeking the suspension of Attorney Nugent's license for willful non-cooperation. Attorney Nugent failed to respond.

¶ 22. On June 17, 2004, after the OLR filed a motion in the matter, this court issued an order requir-

investigator acting under SCR 22.25, may file a motion with the supreme court requesting that the court order the respondent to show cause why his or her license to practice law should not be suspended for willful failure to respond or cooperate with the investigation. All papers, files, transcripts, communications, and proceedings on the motion shall be confidential and shall remain confidential until the supreme court has issued an order to show cause. The license of an attorney suspended for willful failure to respond or cooperate with an investigation may be reinstated by the supreme court upon a showing of cooperation with the investigation and compliance with the terms of suspension. The director or the special investigator shall file a response in support of or in opposition to the reinstatement within 20 days after the filing of an attorney's request for reinstatement. Upon a showing of good cause, the supreme court may extend the time for filing a response.

ing Attorney Nugent to show cause within 20 days why his license should not be suspended for his willful failure to cooperate with the OLR. On July 12, 2004, the OLR finally received Attorney Nugent's supplemental written response and consequently withdrew its request to suspend Attorney Nugent's license for non-cooperation.

¶ 23. The OLR's complaint alleged that by failing to respond to multiple requests from the OLR for supplemental information in a grievance matter, Attorney Nugent violated SCR 22.03(6).[7]

¶ 24. An evidentiary hearing was held before the referee on September 20, 2005. The referee issued his report on July 27, 2006. In his report the referee concluded that the OLR had established all the counts in its complaint by clear, satisfactory, and convincing evidence. The referee recommended that Attorney Nugent's license to practice law be suspended for a period of 60 days and that he be ordered to pay the full costs of the proceeding. In making the recommendation for a 60-day suspension, the referee pointed to Attorney Nugent's history of professional discipline and the seriousness of the failure to timely file income tax returns.

¶ 25. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d

---

[7] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. After careful review of the record, we conclude that the referee's findings of fact are not clearly erroneous, and we adopt them. We also agree with the conclusions of law that flow from the referee's findings of fact. In addition, we agree with the referee that the seriousness of Attorney Nugent's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of 60 days.

¶ 26. IT IS ORDERED that the license of Attorney J.E. Nugent to practice law in Wisconsin is suspended for a period of 60 days, effective November 21, 2006.

¶ 27. IT IS FURTHER ORDERED that Attorney J.E. Nugent shall comply with the requirements of SCR 22.26 pertaining to activities following suspension.

¶ 28. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney J.E. Nugent shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney J.E. Nugent to practice law in Wisconsin shall remain suspended until further order of the court.