IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Joseph T. LEX,
Attorney at Law.

Supreme Court

*No. 85–2070–D. Filed May 12, 1987.*

(Also reported in 405 N.W.2d 323.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Joseph T. Lex (Lex) be publicly reprimanded for unprofessional conduct consisting of his failure to advise a client that the divorce action commenced on her behalf had been dismissed, his failure to submit necessary documentation in a bankruptcy action on a client's behalf or request an extension of time to do so and the failure to inform the client of the dismissal of that action, his failure to respond to requests from the Board of Attorneys Professional Responsibility for information concerning alleged unprofessional conduct, and his attempt to personally serve papers on an adverse

party in such a way as to harass that party. The referee also recommended that Attorney Lex be required to pay the costs of this disciplinary proceeding.

The imposition of a public reprimand is appropriate discipline under the circumstances. Attorney Lex failed in his duty to keep his clients apprised of the status of their legal matters, failed to conscientiously pursue one of those matters, failed in his duty to cooperate with the court's disciplinary body investigating his conduct, and abused the service of process procedure to cause an adverse party distress. The seriousness of this misconduct and the harm it caused warrant the imposition of a reprimand.

Attorney Lex was admitted to practice law in Wisconsin in 1966 and practices in West Allis. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Charles J. Herro.

Based on the parties' stipulation, the referee found that Attorney Lex engaged in the following misconduct. He commenced an action for divorce on behalf of a client, and while that action was pending, the client and her husband reconciled. However, the client again sought a divorce, but the court had dismissed the pending action for lack of prosecution, a fact which Attorney Lex failed to communicate to his client. Attorney Lex was successful in having the court reinstate the action, but at no time prior to the granting of the divorce did he tell the client that the action had previously been dismissed and subsequently reinstated.

In another matter involving the same client, Attorney Lex commenced a bankruptcy proceeding, for which his client paid him $150. The court told him

that all necessary documents in the proceeding had not been filed, but he failed to inform his client of that fact and also failed to submit the additional documentation or request an extension of time to do so. As a result, the court dismissed the action, a fact which Attorney Lex failed to tell his client. The client was subsequently served with garnishment documents by one of her creditors. The client then dismissed Attorney Lex and obtained other counsel to proceed with the bankruptcy matter.

When the client referred to in these matters filed a grievance with the Board of Attorneys Professional Responsibility (Board), the Board requested a response from Attorney Lex. He failed to make any response and also failed to respond to a second written request for information.

In another matter, Attorney Lex served as personal representative in an estate. While acting in that capacity, a dispute arose between him and a nephew of the decedent, and Attorney Lex obtained a court order directing the nephew to appear in court. Shortly after midnight Attorney Lex attempted to serve that order on the nephew at his home. He knocked loudly on the door of the residence, told the nephew's wife that he had papers to serve on her husband, failed to identify himself until asked to do so, and, when the wife refused to wake her husband, handed her the papers and told her that her husband should appear in court for the hearing or he would end up "in the slammer." Prior to these actions, Attorney Lex had not attempted service on the nephew by any other means.

The referee concluded that Attorney Lex neglected the divorce and bankruptcy matters, in violation of SCR 20.32(3), that he failed to cooperate with the Board in its investigation and that his attempted

service on the nephew in the estate matter was "retributive." While the disciplinary rules referred to by the referee with respect to the last two instances of misconduct are not specifically applicable to the type of misconduct found, we conclude that the failure to cooperate with the Board was a violation of SCR 22.07(2) and that the service of papers constituted conduct meant to harass a person, in violation of SCR 20.36(1)(a).

We accept the referee's findings of fact and conclusions of law, and we agree that a public reprimand is appropriate discipline for Attorney Lex's misconduct.

IT IS ORDERED that Attorney Joseph T. Lex is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Joseph T. Lex pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Joseph T. Lex to practice law in Wisconsin shall be suspended until further order of the court.

CECI, J., did not participate.