IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John E. THOMAS, Attorney at Law.

Supreme Court

*No. 93–3454–D. Filed November 3, 1994.*

(Also reported in 522 N.W.2d 781.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the report of the referee recommending that the license of John E. Thomas to practice law in Wisconsin be suspended for 60 days as discipline for his repeated failure to file or file timely state and federal income tax returns. We determine that the recommended license suspension is appropriate discipline to impose for Attorney Thomas' professional misconduct established in this proceeding.

Attorney Thomas was admitted to practice law in Wisconsin in 1962 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The referee, Attorney John R. Decker, made findings of fact pursuant to the parties' stipulation.

Attorney Thomas had not filed Wisconsin income tax returns for the years 1986 through 1991 and did not file returns for the years 1982 through 1985 until 1990. He also did not respond to written notices from the Wisconsin Department of Revenue in 1987, 1989 and 1990 regarding his tax liability and failure to file returns and he failed to appear for scheduled conferences in 1987 and 1991. However, he did respond to other notices and appeared at other conferences. The returns Attorney Thomas filed late established his state tax liability of approximately $8,500. His estimated tax liability for 1986 through 1988 was $18,500. By the middle of March, 1992, Attorney Thomas had paid all tax, penalties and interest in respect to those liabilities.

Until shortly before the hearing in this disciplinary proceeding in April, 1994, Attorney Thomas had not filed federal income tax returns for 1982 through 1992. By the day before the hearing, Attorney Thomas had filed returns for four of those years and had made

arrangements with an income tax preparer to file the remaining returns within the following 90 days.

The referee found that Attorney Thomas' failure to file or timely file his state and federal income tax returns was intentional and the result of negligence and inattention to his legal obligations but was not motivated by an intent to evade the payment of taxes. The referee concluded that by wilfully failing to file those tax returns, Attorney Thomas violated a standard of attorney professional conduct established by the decisions of this court and, consequently, engaged in professional misconduct as specified in SCR 20:8.4(f).[1] As discipline for that misconduct, the referee recommended that the court suspend Attorney Thomas' license to practice law for 60 days. In addition, the referee recommended that, as a condition of reinstatement of his license, Attorney Thomas be required to establish that he has filed all federal income tax returns and satisfied all income tax liabilities, including interest and penalties, for the period 1982 through 1992.

In making that recommendation for discipline, the referee explicitly considered the fact that Attorney Thomas had suffered embarrassment from a newspaper report of the filing of the disciplinary proceeding against him and that he had cooperated with the Board of Attorneys Professional Responsibility (Board) in this proceeding. The referee determined, however, that the adverse publicity and Attorney Thomas' cooperation

---

[1] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(f)    violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

with the Board did not constitute mitigating factors sufficient to warrant discipline less severe than a license suspension.

We adopt the referee's findings of fact and conclusion of law and determine that the recommended license suspension is appropriate discipline to impose for Attorney Thomas' misconduct. We modify the referee's recommended condition on license reinstatement and impose as a condition of reinstatement that Attorney Thomas establish to the satisfaction of the Board that he has filed all federal income tax returns for the period 1982 through 1992.

IT IS ORDERED that the license of John E. Thomas to practice law in Wisconsin is suspended for a period of 60 days, commencing December 5, 1994.

IT IS FURTHER ORDERED that, as a condition of license reinstatement following the period of suspension, John E. Thomas establish to the satisfaction of the Board of Attorneys Professional Responsibility that he has filed all federal income tax returns for the period 1982 through 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order John E. Thomas pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John E. Thomas to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that John E. Thomas comply with the provisions of SCR 22.26 concerning the

duties of a person whose license to practice law in Wisconsin has been suspended.