IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gary M. MAY, Attorney at Law.

Supreme Court

*No. 97–2934–D. Filed January 27, 1998.*

(Also reported in 576 N.W.2d 544.)

¶ 1.   PER CURIAM.   We review the stipulation of the Board of Attorneys Professional Responsibility (Board) and Attorney Gary M. May filed with the Board's complaint alleging that Attorney May engaged in professional misconduct by repeatedly failing to file timely his state and federal income tax returns. In that stipulation, Attorney May and the Board agreed that a 60-day suspension of Attorney May's license to practice

law is appropriate discipline to impose for that misconduct. Based on the discipline we have imposed on attorneys in similar circumstances, we suspend Attorney May's license for 60 days.

¶ 2.    Attorney May was licensed to practice law in Wisconsin in 1974 and practices in Madison. In a prior disciplinary matter, he consented to a private reprimand from the Board in September, 1995 for failing to act with reasonable diligence and promptness in an estate matter, keep an interested party in that estate informed about its status, and comply with that person's reasonable requests for information in the matter.

¶ 3.    In the instant proceeding, the parties stipulated to the following. In March, 1996, a criminal complaint was filed in Dane county circuit court charging Attorney May with three misdemeanor counts of willfully failing to timely file state individual income tax returns for 1992, 1993 and 1994. The complaint also alleged that Attorney May had failed to file timely state income tax returns for 13 consecutive years. Attorney May was found guilty on a no contest plea of two misdemeanor counts and sentenced to three years' probation, ordered to pay $2000 in fines and costs, and ordered to make restitution and file timely all tax returns and pay taxes due during the probationary period. The parties stipulated that the federal and state tax authorities have assessed him approximately $50,000 in taxes, interest and penalties for the period 1992 to 1995. As of July, 1997, Attorney May had not made any payments toward that obligation. On the basis of those facts, we conclude, as the parties had stipulated, that Attorney May's intentional failure to file numerous personal income tax returns timely violated a standard of conduct for

lawyers established by court decision and thus violated SCR 20:8.4(f).[1]

¶ 4. IT IS ORDERED that the license of Gary M. May to practice law in Wisconsin is suspended for a period of 60 days, commencing March 10, 1998.

¶ 5. IT IS FURTHER ORDERED that within 60 days of the date of this order, Gary M. May pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Gary M. May to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 6. IT IS FURTHER ORDERED that Gary M. May comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(f)   violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;