IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joseph T. LEX, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Joseph T. LEX, Respondent.

Supreme Court

*No. 00–0544–D. Filed June 16, 2000.*

2000 WI 49

(Also reported in 611 N.W.2d 456.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Joseph T. Lex be publicly reprimanded for professional misconduct consisting of his intentional failure to file Wisconsin income tax returns timely for several years. We determine that the recommended public reprimand is the appropriate discipline to impose for Attorney Lex's professional misconduct.

¶ 2. Attorney Lex was licensed to practice law in Wisconsin in 1966 and practices in the Milwaukee area. He was disciplined once previously for professional misconduct when, in 1987, the court publicly reprimanded him for neglect of a bankruptcy matter and a divorce matter, failure to respond to requests from the Board of Attorneys Professional Responsibility (Board) for information concerning his conduct, and attempting to serve papers personally on an adverse party in such a way as to harass that party. *Disciplinary Proceedings Against Lex*, 137 Wis. 2d 475, 405 N.W.2d 323 (1987).

¶ 3. Based on a stipulation of the parties in the instant proceeding, the referee, Attorney John R. Decker, made the following findings of fact. Attorney Lex intentionally failed to file timely Wisconsin income tax returns for the years 1991 and 1993 through 1995. In addition, he had received 24 separate assessments from the Wisconsin Department of Revenue from 1983 through 1998 for his failure to file either individual income tax returns or employee withholding tax returns. Attorney Lex ultimately filed the tax returns and completed an agreement with the Department of

Revenue to pay all taxes, interest and penalties for those years. The referee also found that Attorney Lex experienced financial and professional hardships during the period for which he failed to file state tax returns, that he was not prosecuted criminally for his failure to file the returns, and that he cooperated with the Board's investigation into his conduct.

¶ 4. Based on those facts, the referee concluded that Attorney Lex violated a standard of conduct for lawyers set forth in numerous attorney disciplinary proceedings and thus violated SCR 20:8.4(f).[1] As discipline for that misconduct, the referee recommended imposition of the public reprimand to which the parties had stipulated. The referee also recommended, again as the parties had stipulated, that Attorney Lex be required to pay the costs of this disciplinary proceeding.

¶ 5. We adopt the referee's findings of fact and conclusions of law and determine that the recommended public reprimand is the appropriate discipline to impose for Attorney Lex's professional misconduct. We also require Attorney Lex to pay the costs of this proceeding.

IT IS ORDERED that Joseph T. Lex is publicly reprimanded for professional misconduct established in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order, Joseph T. Lex pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to

---

[1] SCR 20:8.4(f) provides:

It is professional misconduct for a lawyer to:
(f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers[.]

this court of his inability to pay the costs within that time, the license of Joseph T. Lex to practice law in Wisconsin shall be suspended until further order of the court.