IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joseph L. YOUNG, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Joseph L. YOUNG, Respondent.

Supreme Court

*No. 2005AP2598–D. Decided July 27, 2006.*

2006 WI 109

(Also reported in 718 N.W.2d 717.)

37

¶ 1. PER CURIAM. We review the report and recommendation of the referee, based on the parties' stipulation, that: (1) Attorney Joseph L. Young be publicly reprimanded for professional misconduct relating to his failure to file tax returns and to pay the taxes that were due, as well as to his willful failure to respond to the investigation of the Office of Lawyer Regulation (OLR); (2) certain conditions be placed upon his continued practice of law in this state; and (3) he be ordered to pay the costs of this proceeding.

¶ 2. Neither the OLR nor Attorney Young has appealed the referee's recommendation. Thus, the matter is submitted to the court for its review pursuant to SCR 22.17(2).[1] In conducting our review, we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). The referee's conclusions of law, however, are subject to de novo review. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. Finally, this court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 3. After our independent review of the record, we adopt the referee's findings of fact and conclusions of

---

[1] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

law. Further, after reviewing the parties' responses to this court's order to show cause why the discipline should not be a suspension rather than a public reprimand, we accept the referee's recommendation that a public reprimand is appropriate discipline in this case. We also agree with the referee's recommendation that certain conditions should be placed upon Attorney Young's license to practice law in this state. Finally, because the parties stipulated to both the misconduct and the appropriate discipline and because the OLR has not requested the imposition of costs, we determine that the costs of the disciplinary proceeding should not be imposed in this case.

¶ 4.  The OLR filed its complaint in this matter on October 18, 2005. The complaint alleged that Attorney Young's failure to file state income tax returns for the years 1996 through 2003 constituted a violation of a supreme court decision regulating the conduct of lawyers, thereby also violating SCR 20:8.4(f).[2] Count Two of the complaint alleged that Attorney Young's failure to file a written response to the OLR's investigative letters constituted violations of SCR 22.03(2)[3]

[2] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[3] SCR 22.03(2) provides:    Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further

39

and (6),[4] thereby also violating SCR 20:8.4(f).

¶ 5. Attorney Young initially filed a very short answer on November 17, 2005, admitting both the allegations in the complaint and the violations of the Supreme Court Rules of Professional Conduct. His answer also stated that he simply awaited whatever discipline this court deemed appropriate.

¶ 6. On December 14, 2005, the OLR and Attorney Young filed a stipulation in this proceeding. According to the stipulation, Attorney Young has not been the subject of prior disciplinary proceedings, but has had his license to practice law administratively suspended since June 2004 for failure to comply with continuing legal education (CLE) requirements.

¶ 7. The current disciplinary investigation began when the Wisconsin Department of Revenue (DOR) informed the OLR that Attorney Young had failed to file his state income tax returns for the years 1996 through 2003. The OLR subsequently sent letters to Attorney Young on April 1 and April 27, 2004, requesting a response regarding the DOR's allegation. Attorney Young failed to respond to the OLR's letters, although he signed a certified mail receipt for the second letter.

¶ 8. On May 25, 2004, Attorney Young was personally served with a letter from the OLR requesting a written response on the tax matter no later than June 1, 2004. On June 3, 2004, the OLR received Attorney

investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[4] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

40

Young's initial written response. Attorney Young admitted that he had not filed income tax returns for a number of years and that this conduct constituted a violation of SCR 20:8.4(f). Attorney Young stated that he intended to file all past due tax returns within a short time.

¶ 9. On June 29, 2004, the OLR sent a letter to Attorney Young requesting additional information regarding his failure to file income tax returns. Attorney Young failed to respond. Consequently, on July 29, 2004, the OLR personally served another letter on Attorney Young, again seeking the additional information requested in the OLR's June 29, 2004, letter. Attorney Young again failed to respond.

¶ 10. As of the date of the parties' stipulation in December 2005, Attorney Young acknowledged that he still had not filed the relevant state income tax returns.

¶ 11. In the stipulation, the parties agreed that by failing to file state income tax returns for the years 1996 through 2003, Attorney Young had violated a supreme court decision regulating the conduct of lawyers, contrary to SCR 20:8.4(f). *See, e.g., In re Disciplinary Proceedings Against Owens,* 172 Wis. 2d 54, 56–57, 492 N.W.2d 157 (1992) (failure to file income tax returns constitutes professional misconduct). The parties further agreed that Attorney Young's failure to respond to the OLR's investigative requests had violated SCR 22.03(2) and (6), which also constituted a violation of SCR 20:8.4(f). The stipulation stated that the parties agreed that an appropriate level of discipline would be a public reprimand. The stipulation further provided that the OLR would not seek an assessment of costs against Attorney Young.

¶ 12. The referee, Attorney David R. Friedman, considered the stipulation and then filed his report and

41

recommendation on December 30, 2005. In his report, the referee adopted the stipulation's factual statements as his own findings. Based on those facts, the referee agreed that Attorney Young had committed professional misconduct as alleged in the complaint and the stipulation.

¶ 13. The referee, however, noted two concerns with the terms of the stipulation. He believed that the supreme court's general practice has been to levy the full cost of disciplinary proceedings on the lawyer involved. Consequently, he recommended that the court impose the costs of the proceeding on Attorney Young.[5]

¶ 14. The referee also stated his concern with the appropriateness of a public reprimand. His concern related to whether a public reprimand was sufficient discipline in light of the fact that despite the fairly large window of time since the beginning of the OLR's investigation, Attorney Young had not used that time to file the missing tax returns or to make arrangements for the payment of the back taxes. The referee further stated his concern that the imposition of only a public reprimand would allow Attorney Young, once he brought his CLE reporting current, to resume his practice of law without having resolved the filing of the missing tax returns and the payment of the taxes due.

¶ 15. Ultimately, despite his concerns, the referee concluded that a public reprimand was appropriate in this case. He stated that Attorney Young's ability to resolve his tax problems has been impacted by some personal problems. Moreover, the referee noted that it appeared that a public reprimand had been imposed in

---

[5] In light of the referee's recommendation, on January 18, 2006, the OLR submitted a letter on the cost issue. It confirmed that, pursuant to the stipulation, it was not seeking the assessment of costs against Attorney Young.

other cases where the violations had been more severe than those committed by Attorney Young.

¶ 16. Although he ultimately accepted the stipulated request for a public reprimand, the referee recommended that the court impose certain conditions on the reprimand to ensure that Attorney Young resolves the outstanding tax issues. Specifically, he suggested that the court require Attorney Young to inform the OLR every three months concerning his efforts to resolve the tax deficiencies until Attorney Young notifies the OLR that he has either filed all of the relevant tax returns or there is an agreed upon resolution with the Internal Revenue Service and the Wisconsin DOR.

¶ 17. Sharing the referee's concern about Attorney Young's continued failure to file the missing tax returns, on March 15, 2006, we ordered the parties to show cause why the discipline in the present case should not be a suspension rather than a public reprimand and to address the enforcement of any conditions we might impose on Attorney Young's continued practice of law in this state.

¶ 18. The OLR responded that it continued to stand by its position that a public reprimand was appropriate discipline in this case. The OLR stated that it had considered various other cases involving similar conduct and believed, in light of the facts of this case, that the imposition of a public reprimand was appropriate discipline.

¶ 19. In his response, Attorney Young again expressed remorse, acknowledging that "[t]his whole matter is my fault." He noted that the present investigation had forced him to confront some personal problems that had been plaguing him for a number of years. He further stated that he had been working toward fulfilling his CLE requirements and was quite close to bringing those

current. Nevertheless, he acknowledged that he deserves whatever discipline this court imposes. Moreover, he stated that he believed that the imposition of conditions like those suggested by the referee was appropriate to ensure that he will remedy his problems. He also acknowledged that he will face additional sanctions if he does not comply with the conditions and take care of his tax delinquencies.

■
¶ 20.   Although we remain troubled by the fact that there is no evidence in the record that Attorney Young has worked toward resolving the issue of failing to file tax returns and to pay the tax due for a substantial number of years, we nonetheless decide that a public reprimand is appropriate discipline under the specific facts of this case. We agree with the referee, however, that there should be conditions imposed on Attorney Young's license to practice law in Wisconsin to ensure that he makes progress on his tax delinquencies. Thus, we will require Attorney Young to report to the OLR on a quarterly basis regarding his efforts to remedy his tax-related problems.

■
¶ 21.   We further decide, contrary to the referee's recommendation, that the imposition of costs is not required in this case. The history of this court's practice of imposing costs in disciplinary proceedings was explained in Chief Justice Abrahamson's concurrence in a prior disciplinary proceeding. *See In re Disciplinary Proceedings Against Konnor,* 2005 WI 37, ¶¶ 37–70, 279 Wis. 2d 284, 694 N.W.2d 376 (Abrahamson, C.J., concurring).[6]

---

[6] On May 1, 2006, the court issued an order in response to Rule Petition 05–01, which created SCR 22.24(1m) and

¶ 22.   In the present case, Attorney Young has, from the initial filing of his answer, admitted both the factual allegations of the OLR's complaint and that his conduct violated the rules of professional conduct. He also essentially stipulated to the discipline requested by the OLR. A referee was appointed, however, before a formal stipulation could be drafted and executed. Moreover, the OLR has not requested the imposition of costs in this case, either in the stipulation or in response to the referee's recommendation. Thus, under the specific facts of this case, we disagree with the referee's recommendation and decide that imposing the costs of this disciplinary proceeding against Attorney Young is not warranted.

¶ 23.   IT IS ORDERED that Joseph L. Young is publicly reprimanded for his professional misconduct.

¶ 24.   IT IS FURTHER ORDERED that Joseph L. Young shall, on a quarterly basis, file written reports with the Office of Lawyer Regulation that describe his efforts and progress in filing the delinquent tax returns and paying the appropriate taxes. Attorney Young shall file such written reports until such time as he certifies in writing to the OLR that either he has filed all of the required tax returns or he has entered into a written

amended SCR 22.24(2). *In re Amendments to Supreme Court Rules relating to Cost Assessments in the Lawyer Regulation System,* 2006 WI 34, __ Wis. 2d __, 714 N.W.2d Ct.R-21. Those amendments set forth the court's general policy regarding the imposition of costs in disciplinary proceedings and the factors that it considers in determining whether to impose costs and in what amount. The May 1, 2006, order stated it applies prospectively to disciplinary proceedings, medical incapacity proceedings, or reinstatement proceedings filed on or after July 1, 2006. Thus, it does not apply to the present proceeding involving Attorney Young.

agreement with the Wisconsin Department of Revenue that resolves all outstanding issues related to Attorney Young's failure to file tax returns and to pay the taxes that were due. Attorney Young's failure to comply with this condition or to make reasonable progress toward resolving his tax delinquencies may provide the basis for the imposition of further discipline.

¶ 25.   IT IS FURTHER ORDERED that no costs shall be imposed in this disciplinary proceeding.