IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Mark A. PHILLIPS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mark A. PHILLIPS, Respondent.

Supreme Court

*No. 2006AP334–D. Decided May 30, 2007.*

2007 WI 63

(Also reported in 732 N.W.2d 17.)

¶ 1. PER CURIAM. We review the referee's recom-

mendation that the license of Attorney Mark A. Phillips to practice law in this state be suspended for a period of three years due to his professional misconduct.

¶ 2. Neither the Office of Lawyer Regulation (OLR) nor Attorney Phillips has appealed the referee's recommendation. Thus, the matter is submitted to the court for its review pursuant to SCR 22.17(2).[1]

¶ 3. In conducting our review, we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We review the referee's conclusions of law, however, on a de novo basis. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. After establishing the number and nature of any violations of the Rules of Professional Conduct, we determine the level of discipline that is appropriate under the particular circumstances, regardless of the referee's sanction recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 4. After our independent review of this matter, we adopt the referee's findings of fact and conclusions of law. We also agree with the referee's recommendation that Attorney Phillips' license to practice law in Wisconsin should be suspended for a period of three years, effective on the expiration of a previous suspension,

---

[1] SCR 22.17(2) provides:    Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

with credit for 112 days (the period of time between the date when Attorney Phillips' license was summarily suspended under SCR 22.20(1) due to his criminal conviction and the date when his previous suspension for other misconduct began). We also conclude that Attorney Phillips should be required to pay the costs of this disciplinary proceeding, which were $2149.21 as of January 11, 2007.

¶ 5. Before turning to the referee's findings of fact in the present case, we summarize the facts and the result of the prior disciplinary proceeding. *In re Disciplinary Proceedings Against Phillips*, 2006 WI 43, 290 Wis. 2d 87, 713 N.W.2d 629 (*Phillips I*). They provide important context for the facts and analysis of this proceeding.

¶ 6. *Phillips I* stemmed from two grievances. The first grievance was lodged by a former client and friend, R.M. That grievance arose from two loans that Attorney Phillips convinced R.M. to make to him, from Attorney Phillips' handling of the estate of R.M.'s father, and from Attorney Phillips' failure to return R.M.'s files to him in a timely manner.

¶ 7. With respect to the R.M. grievance, this court affirmed the referee's findings that Attorney Phillips had violated SCR 20:1.8(a) on two separate occasions because he had obtained two loans[2] from a client that were not fair and reasonable, because Attorney Phillips had not provided the terms of the loan in an understandable writing, because he had not given R.M. a reasonable opportunity to seek outside legal advice, and because he had not obtained R.M.'s written consent to the loans. The court also found that Attorney Phillips

---

[2] The first loan was in the amount of $20,000. The second loan, made in March 1999, was in the amount of $125,000.

had used his knowledge of R.M.'s father's estate gained during his representation of the estate to his client's disadvantage in connection with one of the loans, in violation of SCR 20:1.8(b). The court further found that Attorney Phillips had violated SCR 20:8.4(c) by concealing and misrepresenting the dire state of his finances in order to persuade R.M. to make the loans. The court also concluded that Attorney Phillips had not acted with reasonable diligence in closing R.M.'s father's estate, contrary to SCR 20:1.3, and had failed to return R.M.'s files promptly, in violation of SCR 20:1.16(d).

¶ 8.   The second grievance at issue in *Phillips I* was filed by the Wisconsin Department of Revenue (DOR) concerning Attorney Phillips' failure to file state income tax returns or to pay the taxes due. Based on Attorney Phillips' admission, this court adopted the referee's finding that Attorney Phillips had failed to file state income tax returns for the years 1998–2001 and had failed to make payments on his tax deficiencies since 1995, contrary to *In re Disciplinary Proceedings Against Owens*, 172 Wis. 2d 54, 492 N.W.2d 157 (1992), and SCR 20:8.4(f).

¶ 9.   After considering and rejecting Attorney Phillips' arguments on appeal, we concluded that Attorney Phillips' serious professional misconduct required that his license to practice law in Wisconsin be suspended for one year. We also ordered that Attorney Phillips (1) pay restitution to R.M. in the amount of a 2001 judgment entered after Attorney Phillips had failed to repay the loans and (2) pay a separate punitive damage judgment that had been entered in favor of R.M. in a malpractice action. Finally, we required Attorney Phillips to pay the costs of the *Phillips I* disciplinary proceeding.

¶ 10.   In *Phillips I*, Attorney Phillips appealed from the referee's report and recommendation, arguing that

37

he had not violated any rules in connection with either the loans he had obtained from R.M. or his representation of R.M.'s father's estate, and that the referee's recommended discipline was excessive. While Attorney Phillips' appeal in *Phillips I* was pending and he was submitting briefs to this court, he was charged in federal district court with attempting to evade the payment of a large portion of his federal income tax. Attorney Phillips pled guilty to and was convicted of one count of tax evasion. He did not, however, inform this court of any of these facts.

¶ 11.   The OLR then filed a motion seeking the summary suspension of Attorney Phillips' license to practice law in Wisconsin due to his criminal conviction, pursuant to SCR 22.20(1).[3] On January 20, 2006, this court granted the OLR's motion and summarily suspended Attorney Phillips' license.

¶ 12.   On February 8, 2006, the OLR filed the complaint in the current case, alleging that by engaging in willful attempted federal income tax evasion, for which he had been convicted and sentenced, Attorney Phillips had committed a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[4]

---

[3] SCR 22.20(1) Summary license suspension on criminal conviction provides:

> (1) Summary suspension. Upon receiving satisfactory proof that an attorney has been found guilty or convicted of a serious crime, the supreme court may summarily suspend the attorney's license to practice law pending final disposition of a disciplinary proceeding, whether the finding of guilt or the conviction resulted from a plea of guilty or no contest or from a verdict after trial and regardless of the pendency of an appeal.

[4] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶ 13. Attorney Phillips filed an answer in which he admitted his criminal conviction for tax evasion. His answer asserted, however, that he had been convicted only for failing to pay the entire amount of federal income tax due and that he had not been found guilty of filing fraudulent tax returns. He denied that his failure to pay income taxes reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, contrary to SCR 20:8.4(b). He also asserted that his loans from R.M. were already being addressed in *Phillips I.*

¶ 14. In our opinion in *Phillips I,* which was issued on May 12, 2006, we acknowledged Attorney Phillips' criminal conviction, the summary suspension and the OLR's complaint. We specifically stated, however, that "[a]lthough the facts underlying the criminal conviction appear to have some connection with one of the loans at issue in this proceeding, we do not address at this time whether discipline should be imposed for that conduct." *Phillips I,* 290 Wis. 2d 87, ¶ 35.

¶ 15. Attorney Richard Esenberg was subsequently appointed referee in the present case.[5] He issued an order requiring Attorney Phillips to provide contact information to the referee and the OLR within 10 days of his release from federal prison. Attorney Phillips did not comply with the order. After Attorney Phillips failed to appear at a telephonic scheduling conference or otherwise to contact the referee, the referee issued an order to show cause why Attorney Phillips should not be found to be in default. The referee sent a copy of the order to Attorney Phillips' last known home address as well as his last known business

---

[5] Attorney Stanley F. Hack served as the referee in *Phillips I.*

address in an attempt to ensure notice to him. Rather than explain why he had not responded to previous orders issued by the referee, Attorney Phillips sent a letter to the clerk of this court, asserting that since his home address was public information, the referee's order to show cause and request for contact information was "little more than harassment."

¶ 16. After further scheduling difficulties, both the OLR and Attorney Phillips filed motions for summary judgment. The OLR's motion argued that Attorney Phillips' answer admitted all of the facts necessary to find a violation of SCR 20:8.4(b), or alternatively, that the facts necessary to find a violation of that rule had been conclusively established in *Phillips I.* Attorney Phillips' motion, on the other hand, argued that the OLR's complaint should be dismissed because it placed him in double jeopardy and otherwise violated various constitutional provisions.

¶ 17. A hearing on the competing motions was held on September 19, 2006. At that hearing, Attorney Phillips withdrew his summary judgment motion and its double jeopardy and other constitutional claims. He argued, nonetheless, that because the misconduct alleged in the current complaint was part of a "continuing enterprise of borrowing the money and not paying my taxes," there should be little additional discipline imposed because that conduct was already considered by the court in *Phillips I.*

¶ 18. Also at the September 19, 2006 hearing, certified copies of the plea agreement and judgment of conviction in the federal criminal case were received into evidence without objection. The referee then established a briefing schedule for the parties to address whether the criminal conviction constituted a violation of SCR 20:8.4(b) and what the appropriate sanction should be.

¶ 19. The OLR filed a brief arguing that engaging in federal tax evasion did reflect adversely on Attorney Phillips' honesty, trustworthiness and fitness as a lawyer, and thereby violated SCR 20:8.4(b). The OLR requested a three-year suspension to be served consecutively to the one-year suspension imposed in *Phillips I,* with a credit of 112 days due to the period of summary suspension.

¶ 20. Attorney Phillips decided not to file a brief on liability or sanctions. He did file a very brief letter, stating that "in light of my twenty-five (25) years of practice, a six (6) month additional suspension, if any, is more appropriate."

¶ 21. In the ensuing referee's report, he first addressed the basis for concluding that Attorney Phillips had violated SCR 20:8.4(b). He rejected the OLR's contention that this court had conclusively established the facts necessary for finding a violation of SCR 20:8.4(b) in *Phillips I.* The referee noted that the court had expressly made no findings regarding whether Attorney Phillips' criminal conviction constituted a violation of the Rules of Professional Conduct or whether additional discipline should be imposed.

¶ 22. The referee agreed with the OLR, however, that Attorney Phillips' criminal conviction supported the finding of a new rule violation not present in *Phillips I.* The conduct at issue in *Phillips I* included the improper obtaining of loans from a client and the failure to pay state income taxes. The current complaint, however, addressed not state income taxes, but federal income taxes. Moreover, the criminal conviction at issue in this case was not based on the failure to pay taxes, but on Attorney Phillips' actions designed to conceal the proceeds of the second R.M. loan (the March 1999 loan for $125,000) from the IRS so that it could

not attach those funds in satisfaction of his outstanding federal income tax deficiencies.

¶ 23. The referee found that Attorney Phillips' guilty plea and conviction established his violation of SCR 20:8.4(b). Specifically, the federal plea agreement, which Attorney Phillips signed and did not contest in this case, established that Attorney Phillips had used the March 1999 loan proceeds to purchase 18 cashier's checks, which he had then negotiated over a period of time by using his client trust account and a separate bank account maintained by his wife. By these maneuvers, Attorney Phillips had been able to prevent the IRS from discovering and obtaining those funds so that he could use them to pay ongoing personal expenses. The referee concluded that, regardless of the propriety of the underlying loan, a criminal conviction for such a willful attempt to evade the payment of taxes clearly violated SCR 20:8.4(b).

¶ 24. Turning to the appropriate level of discipline, the referee reasoned that cases involving the failure to file tax returns or pay taxes were not useful guides in this instance because Attorney Phillips had fraudulently hidden assets to evade the payment of taxes. The referee stated that he was "tempted to recommend revocation," citing several cases involving tax evasion where there had been a consensual revocation of the attorney's license. *See, e.g., In re Disciplinary Proceedings Against Schierland,* 2004 WI 140, 276 Wis. 2d 11, 688 N.W.2d 653 (consensual revocation following criminal conviction for filing false tax return); *In re Disciplinary Proceedings Against Paulus,* 2004 WI 71, 272 Wis. 2d 143, 682 N.W.2d 326 (consensual revocation following criminal conviction for accepting bribes while in public office and filing false tax return); *In re Disciplinary Proceedings Against Miller,* 158

Wis. 2d 396, 462 N.W.2d 520 (1990) (consensual revocation following criminal conviction for attempted federal income tax evasion and filing a false income tax return).

¶ 25.   Ultimately, the referee agreed with the OLR's recommendation for a three-year suspension. The referee stated that Attorney Phillips' 25 years of practice without being subject to discipline prior to the series of wrongful responses to financial distress that resulted in *Phillips I* and the present proceeding led him to conclude that revocation was not required. On the other hand, the referee stated that a lengthy suspension was necessary. He pointed out that Attorney Phillips' continuing claim that all he did was to borrow money from a friend and fail to use the loan proceeds to pay his income taxes demonstrated that Attorney Phillips had not fully grasped the criminal nature of his conduct. Moreover, the referee noted that Attorney Phillips had not offered any mitigating evidence and had given the impression that the current proceeding was simply a bother to him.

¶ 26.   Having independently reviewed this matter, we agree with and adopt the referee's factual findings and his conclusion of a violation of SCR 20:8.4(b). The count in the current complaint charges a violation of the Rules of Professional Conduct that is different in nature from the violations found in *Phillips I,* and is based on facts that, while somewhat related, are different than the facts we relied on in *Phillips I.* In *Phillips I,* we addressed, *inter alia,* the propriety of the loans Attorney Phillips obtained from a client and his failure to file state income tax returns or to pay state income taxes.

¶ 27.   Attorney Phillips' liability in the present case for violating SCR 20:8.4(b) stems not from obtain-

ing the loan, but from what he did after obtaining the loan to hide the loan proceeds from the IRS. The factual predicate for that violation was conclusively established not by the decision in *Phillips I,* which expressly disavowed rendering any judgment on this matter, but by the certified record of Attorney Phillips' criminal conviction in federal district court. See SCR 22.20(5).[6] With Attorney Phillips' undisputed hiding of loan proceeds in order to avoid attachment by the IRS as a factual basis, we certainly concur with the referee's legal conclusion that Attorney Phillips' criminal acts reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, and therefore constitute a violation of SCR 20:8.4(b).

¶ 28. With respect to the appropriate level of discipline, we conclude that a three-year suspension is a proper sanction in the present case and that it should be served after the expiration of the existing one-year suspension. The presence of the prior disciplinary action calls for a stronger sanction here. Moreover, as the referee noted, Attorney Phillips has not exhibited remorse for his actions. He has consistently attempted to explain away his conduct as merely obtaining a loan from a friend and failing to pay taxes, failing to demonstrate an understanding of the criminal nature of his acts. In addition, when the referee took extra steps to ensure that Attorney Phillips received notice of the

---

[6] SCR 22.20(5) Summary license suspension on criminal conviction provides:

> (5) Proof of guilt. In a proceeding based on an attorney's having been found guilty or convicted of a crime, a certified copy of the record in the proceeding or the certificate of conviction shall be conclusive evidence of the attorney's guilt of the crime of which found guilty or convicted.

proceedings in this matter and an opportunity to present his case, he responded by characterizing the referee's efforts as "little more than harassment."[7]

¶ 29. We agree with the referee's recommendation that, in light of the consecutive nature of the suspension we impose today and the timing of the prior suspension, Attorney Phillips should be given credit for the 112 days that passed between the summary suspension on January 20, 2006, and May 12, 2006, the effective date of the one-year suspension imposed in *Phillips I*. Moreover, given that Attorney Phillips did not object to the statement of costs filed by the OLR, we determine that he should be required to pay the full costs of this proceeding.

¶ 30. IT IS ORDERED that the license of Attorney Mark A. Phillips to practice law in Wisconsin is suspended for a period of three years, effective upon the expiration of the one-year suspension imposed in *In re Disciplinary Proceedings Against Phillips*, 2006 WI 43, 290 Wis. 2d 87, 713 N.W.2d 629 (No. 2004AP1914–D) (*Phillips I*), with 112 days of credit to be applied toward the three-year period of suspension.

¶ 31. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Phillips shall pay to the Office of Lawyer Regulation the costs of this

---

[7] We recognize that in another decision issued on this same date, we are imposing an 18–month suspension for conduct that also involved a single count of tax evasion. *In re Disciplinary Proceedings Against Washington*, No. 2006AP578–D. Unlike the present case, however, Attorney Washington has not been the subject of prior discipline, exhibited true remorse for her conduct, and submitted evidence of a history of community service. Both cases call for a substantial sanction, but these differences and the particular facts at issue require a higher level of discipline in the present case.

45

proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney Phillips to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 32.  IT IS FURTHER ORDERED that if he has not already done so, Attorney Phillips shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.