# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2013AP2685-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Geneva E. McKinley, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Geneva E. McKinley,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST McKINLEY

| | |
|---|---|
| OPINION FILED: | July 1, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP2685-D

STATE OF WISCONSIN                    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Geneva E. McKinley, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Geneva E. McKinley,**

      **Respondent.**

**FILED**

**JUL 1, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1   PER CURIAM.   We review a stipulation filed pursuant to SCR 22.12[1] by the Office of Lawyer Regulation (OLR) and

--------

[1] SCR 22.12 states as follows:  Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed.  The supreme court may consider the complaint and stipulation without the appointment of a referee.

Attorney Geneva E. McKinley. In the stipulation, Attorney McKinley admits that she pled no contest to and was convicted of two misdemeanor counts of filing a tax return that she believed was not true and correct, in violation of Wis. Stat. § 71.83(2)(a)2. She further admits that the conduct underlying these two convictions constituted violations of SCR 20:8.4(b). The stipulation requests this court to impose a 60-day suspension of Attorney McKinley's license to practice law in Wisconsin as discipline for the admitted misconduct. There is no request for a restitution award or the imposition of any conditions on the reinstatement of Attorney McKinley's license.

¶2 After closely reviewing this matter, we approve the stipulation and suspend Attorney McKinley's license to practice law in this state for a period of 60 days. We do not impose any restitution obligation. Because this matter was resolved with a stipulation under SCR 22.12, we do not require Attorney McKinley to pay any of the costs of this proceeding.

¶3 Attorney McKinley was admitted to the practice of law in this state in April 1996. According to the transcript of the

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

plea and sentencing hearing in the criminal action, which was filed in this matter in connection with the stipulation, during much of the time relevant to the acts at issue in this matter she maintained a solo law practice, in which she accepted appointments from the Office of the State Public Defender and represented private clients. In March 2007 she began employment as a full-time court commissioner for the Milwaukee County circuit court. As a result of the convictions described in this opinion, she is no longer a court commissioner. Attorney McKinley has never before been the subject of professional discipline.

¶4 The state initially filed a criminal complaint against Attorney McKinley in June 2011, alleging that she had committed two felony counts of filing false or fraudulent tax returns, in violation of Wis. Stat. § 71.83(2)(b)1. Those charges required proof that the filing of the false tax returns had been done "with intent to defeat or evade" the payment of state income taxes. The criminal complaint alleged that Attorney McKinley had underreported her income on her 2006 and 2007 state income tax returns by a total of more than $117,000 and that the estimated benefit of the underreporting on both her federal and state tax returns had been slightly less than $33,000. The prosecutor representing the state explained at the sentencing hearing that Attorney McKinley had failed to report income from certain private pay clients and from the rental of a commercial building she owned. She also carried forward improper net

3

business losses from her 2006 return that resulted in the underreporting of income on her 2007 state income tax return.

¶5 After a lengthy pretrial stage, Attorney McKinley reached a plea agreement with the state. According to the prosecutor representing the state, because of some issues regarding a couple of the state's witnesses that were unrelated to the substance of their testimony but might impact their credibility, the state agreed to file an amended information. The amended information changed the applicable tax years for the charges from 2006 and 2007 to 2005 and 2006. The prosecutor explained that the income not reported on the 2005 state income tax return was, as in 2006, attorney fees paid to Attorney McKinley by a number of private pay clients. Although the prosecutor did not indicate that the original charge for the 2007 tax return had been inaccurate in any regard, the amended information no longer contained a charge regarding that tax year.

¶6 The other substantial change in the amended information was that the charges were reduced from felony offenses to misdemeanors. Instead of charging Attorney McKinley with filing false or fraudulent tax returns with the intent to evade or defeat the assessment of state income taxes, in violation of Wis. Stat. § 71.83(2)(b)1, the state now charged Attorney McKinley with simply making and subscribing a tax return that she did not believe to be true and correct in every material matter, in violation of Wis. Stat. § 71.83(2)(a)2. The

4

misdemeanor charges did not include the element of intending to evade or defeat the payment of state income taxes.

¶7 Attorney McKinley pled no contest to the two misdemeanor counts alleged in the amended information. The circuit court accepted her pleas and found her guilty of those two offenses. Prior to sentencing, Attorney McKinley was allowed an opportunity to address the court. She expressed shame and remorse for her conduct, as well as a willingness to seek treatment/counseling.

¶8 The circuit court agreed with the state's recommendation to withhold sentence and place Attorney McKinley on probation. It did not follow, however, the state's recommendation for two years of probation, with six months of jail time as a condition of probation. Instead, the circuit court required Attorney McKinley to spend only five days in the county jail over the 2013 Thanksgiving weekend as a condition of her probation. It also set the period of probation at 18 months, which could be reduced to one year if Attorney McKinley underwent eight sessions of grief counseling or individual counseling. Finally, the circuit court required as a condition of probation that Attorney McKinley obtain a mental health assessment and follow up with any treatment recommendations that resulted from that assessment.

¶9 The circuit court commented during its sentencing statement that it did not believe that Attorney McKinley would have intentionally endangered her job, her law license, and her reputation to save a few thousand dollars in taxes. The court

5

indicated that it believed there were other factors that had led Attorney McKinley to fail to report certain amounts of income—the illness and death of her mother and a serious depression that corresponded with the time period of her misconduct.

¶10 By the time of Attorney McKinley's sentencing, she had already made a $9,000 payment to the Wisconsin Department of Revenue, which was equal to or near the amount of back taxes owed for the 2005, 2006 and 2007 tax years.[2] Following her sentencing, Attorney McKinley timely self-reported her convictions to the OLR.

¶11 As noted at the beginning of this opinion, Attorney McKinley has stipulated with the OLR that she has been convicted of the two misdemeanors described above, and that her conduct leading to those convictions constituted violations of SCR 20:8.4(b). In the stipulation, Attorney McKinley agrees with the OLR's position that a 60-day suspension of her license to practice law in Wisconsin would be an appropriate level of discipline to impose in response to her misconduct. The stipulation clearly states that it was not the result of plea bargaining, and that Attorney McKinley has acceded to the factual allegations, legal conclusions, and level of discipline sought by the OLR.

---

[2] At the time of sentencing, there were still unresolved issues regarding the amount of interest and penalties that Attorney McKinley owed to the state as a result of her underreporting of income.

¶12 The stipulation contains a number of representations by Attorney McKinley. She states that she fully understands the misconduct allegations against her and her right to contest those allegations. She nonetheless admits her misconduct and assents to the discipline sought by the OLR. She further states that she fully understands the ramifications that will follow if this court accepts the stipulation and imposes the requested level of discipline. Attorney McKinley also represents that she understands her right to consult with counsel in this matter. Finally, she asserts that her entry into the stipulation is made knowingly and voluntarily.

¶13 There is no dispute that Attorney McKinley's state income tax returns for the relevant years contained information that was not true and that Attorney McKinley did not believe to be true. That is clearly sufficient for this court to find a violation of SCR 20:8.4(b).

¶14 The only real issue here is whether the stipulated level of discipline (a 60-day suspension) is an appropriate level of discipline. In its memorandum in support of the stipulation, the OLR states that it most closely considered four precedents in analyzing what level of discipline it would seek in this matter: Public Reprimand of William J. Grogan, No. 2007-6 (consensual public reprimand for conduct including failing to file timely state and federal tax returns over several years and failing to cooperate with the OLR's investigation); In re Disciplinary Proceeding Against Lex, 2000 WI 49, 235 Wis. 2d 381, 611 N.W.2d 456 (public reprimand imposed

7

on attorney with prior public reprimand for his intentional failure to file income tax returns for several years; attorney had experienced financial and professional hardships at time of misconduct and had completed agreement to pay all taxes, penalties, and interest); In re Disciplinary Proceedings Against May, 215 Wis. 2d 456, 576 N.W.2d 544 (1998) (60-day suspension imposed on attorney with previous private reprimand who was criminally charged with failing to file timely state income tax returns for 13 years, ultimately pled no contest to two misdemeanor counts, and received probation); In re Disciplinary Proceedings Against Thomas, 187 Wis. 2d 332, 522 N.W.2d 781 (1994) (60-day suspension imposed on attorney for intentionally and repeatedly failing to file state and federal tax returns). The OLR acknowledges that these four matters involved the failure to file tax returns, either at all or on a timely basis, while Attorney McKinley's conduct consisted of filing a false tax return. Nonetheless, it asserts that Attorney McKinley's misconduct was similar to that of Attorney Thomas and Attorney May. In particular, it emphasizes that both Attorney May and Attorney McKinley were convicted of two misdemeanors for their tax-related misconduct.

¶15 In addition to prior precedent, the OLR states that it took into consideration a number of mitigating factors, including the lack of any prior discipline, Attorney McKinley's depression and personal problems, her timely effort to pay the back taxes, her timely report of her conviction, her complete disclosure of her conduct to the OLR, and her expressions of

remorse for her conduct. On the other hand, the OLR also acknowledged the financial benefit to Attorney McKinley of underreporting her income as an aggravating factor.

¶16 The OLR's memorandum fails to acknowledge that this court has also on a substantial number of occasions imposed much more severe discipline in cases involving tax-related convictions. See, e.g., In re Disciplinary Proceedings Against Phillips, 2007 WI 63, 301 Wis. 2d 33, 732 N.W.2d 17 (three-year suspension imposed on attorney convicted of willful attempted federal tax evasion for concealing the proceeds of a loan so that it could not be attached by the Internal Revenue Service); In re Disciplinary Proceedings Against Washington, 2007 WI 65, 301 Wis. 2d 47, 732 N.W.2d 24 (18-month suspension imposed on attorney convicted of attempting to evade and defeat the payment of a large portion of her federal income taxes by not reporting over $90,000 in income in one tax year; evidence also showed similar conduct in two other tax years).

¶17 We recognize, however, that the convictions against Attorney Phillips and Attorney Washington involved the element of attempting to evade or defeat the payment of income taxes. While the state originally charged Attorney McKinley with offenses that included this same element, it ultimately agreed to lesser charges of filing tax returns that Attorney McKinley knew to be false or inaccurate. Consequently, we must base our determination on the offenses that have been admitted in the criminal case because neither the state in the criminal case nor the OLR in this disciplinary proceeding has obtained a finding

from a trier of fact that Attorney McKinley attempted to evade the payment of state income taxes. Thus, the Phillips and Washington matters are not directly analogous with respect to the proper sanction.

¶18 Of greater assistance in resolving this case is our discussion of Attorney Jeffrey Elverman's failure to report $230,000 in income from co-trustee fees on his state and federal income tax returns for five years. In re Disciplinary Proceeding Against Elverman, 2008 WI 28, 308 Wis. 2d 524, 746 N.W.2d 793. Importantly, in that decision we divided our analysis of Attorney Elverman's failure to report the trustee fee income into two categories. In the first three years, Attorney Elverman claimed that he had simply forgotten to report the trustee fees as income. We stated that if this had been the only misconduct at issue, we might have been more inclined to impose a public reprimand, in line with Lex and In re Disciplinary Proceedings Against Young, 2006 WI 109, 296 Wis. 2d 36, 718 N.W.2d 717. Elverman, 308 Wis. 2d 524, ¶48. For the last two years at issue, however, Attorney Elverman admitted that he knew he was supposed to report the trustee fees as income, but deliberately chose not to do so in order to pay other personal financial obligations. Id. We concluded that this was a more serious level of misconduct that moved the matter on the continuum of culpability more toward what had occurred in Phillips and Washington. Consequently, we suspended Attorney Elverman's license for a period of nine months. Id., ¶¶49-50.

10

¶19  Similarly, Attorney McKinley did not simply fail to file her tax returns, as was the situation in the Grogan and Lex matters cited by the OLR. She was convicted of filing state income tax returns that she believed were not true or correct, which appears to be a more serious offense.  On the other hand, she was not convicted of attempted tax evasion, as were Attorney Phillips and Attorney Washington.  Without more, these facts would seem to call for a suspension of more than a couple months.

¶20  There is more in this case, however.  Although the OLR could have provided more information about the impact of Attorney McKinley's depression on her misconduct in the stipulation or in its statement in support of the stipulation, the OLR is clearly taking Attorney McKinley's depression into account as a mitigating factor in the level of discipline it is seeking.  There is some discussion of the depth of Attorney McKinley's depression in the transcript of the plea and sentencing hearing in the criminal case that has been filed in connection with the stipulation.  We factor that into our analysis.  In addition, Attorney McKinley has never before been the subject of professional discipline.  When her failure to report all of her income came to light, she made timely efforts to pay the back taxes that she owed and she expressed remorse for her misconduct.

¶21  In light of these mitigating factors, we accept the stipulation and impose the jointly requested sanction of a 60-day suspension of Attorney McKinley's license to practice law in

this state. We are confident that Attorney McKinley recognizes the seriousness of her misconduct. Filing tax returns that a person knows or believes are not true because they do not include all of a person's income is a grave matter. Attorney McKinley's criminal convictions and the resulting loss of her job have demonstrated that fact. The suspension of her license to practice law in this state, even though tempered in this instance because of mitigating factors, is a further indication that such conduct carries serious consequences.

¶22 We do not impose any restitution in this matter. In addition, because this matter was resolved with the filing of a stipulation under SCR 22.12 and without the appointment of a referee, we also do not require Attorney McKinley to pay any costs.

¶23 IT IS ORDERED that the license of Geneva E. McKinley to practice law in Wisconsin is suspended for a period of 60 days, effective July 31, 2014.

¶24 IT IS FURTHER ORDERED that Geneva E. McKinley shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶25 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

12