In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark A. PHILLIPS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mark A. PHILLIPS, Respondent.

Supreme Court

*No. 2011AP2962–D.—Decided November 29, 2012.*

2012 WI 119

(Also reported in 825 N.W.2d 470.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶ 1. PER CURIAM. We review a referee's report and recommendation filed May 22, 2012, concluding that Attorney Mark A. Phillips violated the rules of professional conduct in connection with his representation of V.S. The referee recommended this court impose a public reprimand upon Attorney Phillips, order Attorney Phillips to complete a minimum of 20 hours of continuing legal education (CLE) relating to the ethical obligations of attorneys, order Attorney Phillips to pay restitution in the amount of $1,050 to the Wisconsin Lawyers' Fund for Client Protection (the Fund), and order Attorney Phillips to pay the full costs of this proceeding, which total $2,878.18 as of June 11, 2012. No appeal has been filed.

¶ 2. We adopt the referee's findings of fact and conclusions of law. We agree with the referee's conclusion that Attorney Phillips' professional misconduct warrants a public reprimand. We further order that Attorney Phillips make restitution to the Fund as described below, that he pay the full costs of this disciplinary proceeding, and that within 12 months of the date of this order he complete a minimum of 20 hours of CLE relating to the ethical obligations of attorneys.

¶ 3. Attorney Phillips was admitted to practice law in Wisconsin in 1981. He has been subject to disciplinary action twice before. In 2006 this court sus-

pended Attorney Phillips for one year for misconduct that included improperly obtaining loans from a client, engaging in dishonest conduct, failing to act with reasonable diligence and promptness in his representation of a client, failing to return a client's files promptly, and failing to file timely state income tax returns and to pay taxes that were due. *In re Disciplinary Proceedings Against Phillips,* 2006 WI 43, 290 Wis. 2d 87, 713 N.W.2d 629.

¶ 4. In 2007 this court suspended Attorney Phillips' license for three years for committing a criminal act (willful attempted federal income tax evasion, for which he had been convicted and sentenced) that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects. *In re Disciplinary Proceedings Against Phillips,* 2007 WI 63, 301 Wis. 2d 33, 732 N.W.2d 17. As a result of these previous suspensions, Attorney Phillips' license remains under suspension.

¶ 5. On December 27, 2011, the Office of Lawyer Regulation (OLR) filed a two-count complaint against Attorney Phillips. The OLR alleged that in 2002, Attorney Phillips charged an unreasonable fee in his representation of V.S. in violation of former SCR 20:1.5(a).[1] The OLR further alleged that Attorney Phillips failed to

---

[1] Former SCR 20:1.5(a) applies to misconduct committed prior to July 1, 2007. It provided:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

548

refund unearned fees after his representation of V.S. ended, in violation of former and current SCR 20:1.16(d).[2]

¶ 6. Dennis J. Flynn was appointed as referee. Attorney Phillips admitted service of the complaint but did not file an answer or otherwise appear. The OLR moved for default judgment.

---

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[2] Former SCR 20:1.16(d) (effective through June 30, 2007) provided:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Current SCR 20:1.16(d) (effective July 1, 2007) provides as follows:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

¶ 7. On May 22, 2012, the referee filed a report granting the OLR's motion for default judgment and making findings of fact, conclusions of law, and a recommendation for disciplinary sanctions against Attorney Phillips. The referee determined that Attorney Phillips charged an unreasonable fee in violation of former SCR 20:1.5(a) when, after accepting $1,500 from V.S.'s parent as an advance legal fee payment against which he was to charge his legal work at $150 per hour, he kept the entire $1,500 after having performed only three hours of legal work. The referee further determined that, by refusing to refund to V.S. or her parent the $1,050 in advance legal fees which he had not earned, Attorney Phillips failed to take steps to protect V.S.'s interests upon termination of representation in violation of former and current SCR 20:1.16(d). The referee also found that the Fund paid V.S.'s parent $1,050 as reimbursement for the money lost due to Attorney Phillips' failure to return the unearned legal fees.

¶ 8. In recommending discipline, the referee considered a number of factors, including the absence of any justifiable reason or satisfactory explanation for Attorney Phillips' billing practices, his prior disciplinary history, and his failure to appear in this disciplinary proceeding. As a mitigating factor, the referee noted that Attorney Phillips' spouse died during the pendency of the disciplinary proceeding. In the end, the referee agreed with the OLR's request in its complaint and recommended the court impose a public reprimand. The referee further recommended that the court order Attorney Phillips to secure 20 hours of CLE relating to the ethical obligations of attorneys, to pay restitution in the amount of $1,050 to the Fund, and to pay the full costs of this proceeding, which total $2,878.18 as of June 11, 2012.

¶ 9. The matter is now before this court to review the referee's report and recommendation. No appeal has been filed, so this matter is submitted to the court pursuant to SCR 22.17(2).[3]

¶ 10. We will not set aside the referee's fact findings unless they are clearly erroneous. *In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. We review conclusions of law de novo. *Id.* Finally, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 11. We adopt the findings of fact and conclusions of law set forth in the referee's report. In addition, we accept the referee's recommended sanctions. By charging and failing to return $1,050 in unearned legal fees, Attorney Phillips engaged in serious misconduct warranting a public reprimand. We also deem it appropriate to require Attorney Phillips to make restitution to the Fund in the amount of $1,050. We also conclude that requiring Attorney Phillips to participate in CLE relating to the ethical obligations of attorneys would help protect the public and correct Attorney Phillips' behavior. Finally, because this case presents no extraor-

---

[3] SCR 22.17(2) provides as follows:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

dinary circumstances, we further determine that Attorney Phillips should be required to pay the full costs of this matter. *See* SCR 22.24(1m) (supreme court's general policy upon a finding of misconduct is to impose all costs upon the respondent attorney).

¶ 12. IT IS ORDERED that Mark A. Phillips is publicly reprimanded for his professional misconduct. The court recognizes that Mark A. Phillips' Wisconsin law license is currently under suspension.

¶ 13. IT IS FURTHER ORDERED that within 12 months of the date of this order Mark A. Phillips shall complete a minimum of 20 hours of continuing legal education relating to the ethical obligations of attorneys.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Mark A. Phillips shall pay restitution to the Wisconsin Lawyers' Fund for Client Protection in the amount of $1,050.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order, Mark A. Phillips shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 16. IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 17. IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.